UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKE ALLEN,

    Plaintiff,

v.

MARK CLARK, et al.,

    Defendants.

Case No. 24-1002-JWB-BGS

### REPORT AND RECOMMENDATION
### FOR DISMISSAL OF COMPLAINT

After review of the *pro se* Plaintiff's federal court Complaint, the undersigned Magistrate Judge **recommends** that the District Court **DISMISS** Plaintiff's case for failure to state a viable cause of action.

**I. Standards for Review of *IFP* Complaints.**

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding in forma pauperis, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint

1

will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110. *See also Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Twombly*, 127 S. Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 127 S. Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the

burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a *pro se* plaintiff." *Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury … ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 Fed. Appx. 510, 515 (10th Cir. 2002) (citation omitted). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

**II.   Background**

Plaintiff owns a personal residence at 1301 S. Ida, Wichita, Kansas, 67211. Plaintiff alleges that the appraised value of his home improperly increased by 21% in 2023. Plaintiff filed an equalization appeal with the Kansas Board of Tax Appeals ("BOTA") challenging the increased appraised value of his property. BOTA issued an order denying Plaintiff's appeal. Plaintiff then filed a Motion for Reconsideration pursuant to K.S.A. 77-529. BOTA denied Plaintiff's motion for reconsideration, stating "any Taxpayer has the right to appeal this order of the Board by filing a petition with the district court pursuant to K.S.A. 74-2426(c)(4)(B), and amendments thereto." Doc. 1, at 15. Plaintiff now seeks to challenge that decision in federal district court and "asks the court to adjust the 2023 appraisal value of the subject house" for a refund of "approximately $135.00 for the

3

tax year 2023."[1]  Doc. 1, at 7.

**III.    Analysis**

Plaintiff Mike Allen brings claims against Mark Clark, Sedgwick County Appraiser, the Board of Tax Appeals, and Linda Kizzire, Sedgwick County Treasurer.[2]  Plaintiff alleges the Court has federal question jurisdiction, citing the basis for the same as "870; 899; 950 as noted in the Civil Cover Sheet."  Doc. 2.  The numbers referenced herein are the code descriptions for the type of case being filed and are used by the Clerk to initiate the civil docket sheet; they are not representative of the specific federal statute under which relief is being sought.  Upon review of the civil cover sheet, category 870 falls in the "federal tax suits" category; 899 is "administrative procedure act/review"; and 950 is "constitutionality of state statutes."

The Court finds that Plaintiff has failed to state a viable claim upon which relief may be granted.  Regarding any cause of action concerning a "federal tax suit" or appeal of an administrative decision, the Court does not have jurisdiction over decisions issued by BOTA on county property appraisals.  Pursuant to K.S.A. 74-2426(c)(4), a taxpayer may appeal a BOTA decision to the *Kansas* court of appeals, unless the taxpayer seeks review in district (state) court.  The statute further states that "district court review of orders issued by the board relating to the valuation or assessment of property for ad valorem tax purposes or relating to the tax protest **shall be conducted by the court of the county in which the property is located** . . . ."  K.S.A. 74-2426(c)(4)(B) (emphasis added).  Accordingly, if Plaintiff is not satisfied with the decision reached by BOTA, then he may

---

[1] Plaintiff includes a detailed summary of the basis for his valuation dispute, as well as his misgivings with the manner in which BOTA handled the appeal.  He also submits supporting documents concerning comparable properties and sales data sheet.  Because the Court does not have jurisdiction to hear appeals on BOTA's orders, it is not necessary to provide further detail about the alleged facts regarding the valuation dispute.

[2] The Court notes that "[t]he state board of tax appeals shall have no capacity or power to sue or be sued." K.S.A. 74-2433(f).  Therefore, BOTA is not a proper party to this action.  However, the Court will nonetheless screen the Complaint for its substantive merit.

4

seek relief in Sedgwick County District Court or the Kansas Court of Appeals. *See Burlington N. R. Co. v. Lennen*, 573 F. Supp. 1155, 1167 (D. Kan. 1982), *aff'd,* 715 F.2d 494 (10th Cir. 1983) (citing K.S.A. 74-2426). Accordingly, federal court is not the proper forum for Plaintiff to challenge BOTA's decision and the Court does not have jurisdiction over the same nor does this action involve federal taxes.

To the extent plaintiff questions the "constitutionality of state statutes," Plaintiff sets forth no more information about this alleged claim. He fails to specify a federal statute, treaty, or provision of the United States Constitution that is at issue here. Furthermore, he fails to set forth any facts regarding this claim. In pro se cases, as in others, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted." *Chavez*, 142 F. App'x at 330 (*quoting Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Accordingly, any claim arising out of the constitutionality of state statutes must also be dismissed for failing to state a cause of action.

The Court therefore recommends the District Judge dismiss Plaintiff's complaint in its entirety pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) because Plaintiff's complaint does not state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint, Doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of

the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

Dated January 4, 2024, at Wichita, Kansas.

/s BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge