IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIKE ALLEN,

        Plaintiff,

v.                                                  Case No. 24-1002-JWB

KANSAS BOARD OF TAX APPEALS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 11) to United States Magistrate Judge Severson's Report and Recommendation ("R&R"). (Doc. 6.) The R&R recommends dismissal of the claim asserted by Plaintiff in his complaint. Because the R&R recommends dismissal and Plaintiff filed a timely objection, this court reviews the R&R de novo. Fed. R. Civ. P. 72(b)(3). For the reasons stated herein, the court DISMISSES Plaintiff's complaint.

Plaintiff is proceeding pro se and in forma pauperis in this matter. As a pro se litigant, Plaintiff's pleadings are to be construed liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, the court may not assume the role of advocate for Plaintiff. *See Van Deelen v. City of Eudora, Kan.*, 53 F. Supp. 2d 1223, 1227 (D. Kan. 1999).

Plaintiff owns property in Wichita, Kansas. After his property taxes increased, he filed an equalization appeal with the Kansas Board of Tax Appeals ("BOTA") challenging the appraised value of his property. BOTA denied Plaintiff's appeal. Plaintiff then filed a motion for reconsideration pursuant to K.S.A. § 77-529. BOTA denied Plaintiff's motion for reconsideration, stating "any Taxpayer has the right to appeal this order of the Board by filing a petition with the district court pursuant to K.S.A. 74-2426(c)(4)(B), and amendments thereto." (Doc. 1 at 15.)

Plaintiff filed a complaint in this court challenging the decision of the BOTA and alleging that the increase in his appraisal is improper. Plaintiff seeks a refund of approximately $135. (*Id.* at 7.) Plaintiff named as Defendants the BOTA[1], Mark Clark, the Sedgwick County Appraiser, and Linda Kizzire, the Sedgwick County Treasurer. Plaintiff's complaint asserts that this court has jurisdiction over the action under 28 U.S.C. § 1331 in that this case involves a federal question. (*Id.* at 3.) Instead of citing a federal statute, Plaintiff cites to "870;899; [and] 950," which relate categories of actions in this court's civil cover sheet. The civil cover sheet shows that category 870 pertains to "federal tax suits"; 899 is "administrative procedure act/review"; and 950 is "constitutionality of state statutes." (Doc. 2.)

Magistrate Judge Severson recommended dismissal on the basis that Plaintiff's complaint failed to state a claim. (Doc. 6 at 5.) Magistrate Judge Severson further also noted that this court lacks jurisdiction to consider appeals of decisions issued by BOTA although her recommendation for dismissal was not based on a lack of subject matter jurisdiction. (Doc. 6 at 4.) After review, the court finds that it lacks subject matter jurisdiction over this action. The court may raise the issue of subject matter jurisdiction sua sponte. *See 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

Under K.S.A. § 74-2426(c)(4), a taxpayer may appeal a decision regarding property valuation to the Kansas Court of Appeals or seek review in the district (state) court. If the taxpayer seeks review at the district court, that petition must be filed with the court of the county in which the property is located. K.S.A. § 74-2426(c)(4)(B). It appears that Plaintiff may be operating under the misconception that the federal "district court" may review decisions of the BOTA. It may not. *N. Nat. Gas v. Wilson,* 340 F. Supp. 1126, 1129–30 (D. Kan. 1971), *aff'd* 405 U.S. 949

---

[1] As noted by Magistrate Judge Severson, the BOTA is not a proper party as it cannot sue or be sued.. K.S.A. § 74-2433(f).

(1972) (quoting 28 U.S.C. § 1341) ("The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.")

Plaintiff has since filed an amended complaint. (Doc. 8.) The only discernable difference is an allegation that Plaintiff has now paid his property tax of $987.25 for the tax year 2023. (*Id.* at 4.) Plaintiff again invokes the previously addressed categories of action as a basis for his claim. It is clear that Plaintiff's amended complaint suffers the same defects as his original complaint.

Plaintiff has also filed an objection to the R&R. (Doc. 11.) Plaintiff asserts that this court has authority to review the BOTA's decision. Plaintiff fails to cite any authority in support of such an assertion. Rather, it appears that Plaintiff may be confused as to which court has jurisdiction to consider the appeal. As discussed herein, the jurisdiction lies with the Kansas Court of Appeals or the Sedgwick County District Court.

After review of the complaint, amended complaint, and Plaintiff's objection, the court finds that the action must be dismissed for lack of subject matter jurisdiction. Plaintiff asserts that this court has jurisdiction because his claims are based on federal law; however, Plaintiff has failed to identify the federal basis for his claim and this court lacks jurisdiction over any challenge to decisions by the BOTA. The court declines to adopt the R&R. The action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS SO ORDERED. Dated this 18th day of January, 2024.

          __s/ John W. Broomes_____
          JOHN W. BROOMES
          UNITED STATES DISTRICT JUDGE